# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, ) | No. 3:13-MJ-00292-DMS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Affidavit of** |
| ) | **Steven Rosenberg** |
| Aaron Bruno FINN, ) | |
| ) | |
| Defendant ) | |
| ) | |

I, Steven Rosenberg, am a Special Agent [S/A] with the United States Department of Homeland Security [DHS], Immigration and Customs Enforcement [ICE], Homeland Security Investigations [HSI], currently employed in the Anchorage, Alaska Office of the Resident Agent in Charge [RAC]. I have been assigned as case agent in the matter of Aaron Bruno FINN, and in that capacity declare as follows:

1. I have been a Special Agent with HSI, in addition to one of its legacy agencies, United States Immigration and Naturalization Service [INS], since July 1996. My primary investigative assignment has been the investigation of immigration and customs related matters. I have been involved in numerous immigration and customs cases either as a participating investigator or as a case agent. From 1986 to 1990, I served as a military policeman in the United States Marine Corps. During this period, my duties and responsibilities included recognizing evidence of probable cause, based upon articulable facts, in order to conduct lawful searches, seizures and arrests. I hold a Bachelor of Arts Degree in History [*cum laude*] from the University of Alaska Anchorage, and I have received Basic Immigration Officer Training and Journeyman Special Agent Training at the Federal Law Enforcement Training Centers in Glynco, Georgia and Artesia, New Mexico, respectively.

2. Any facts or circumstances that are cited in this affidavit are familiar to me through my direct participation in this investigation and as related to me by other law enforcement officers pertaining to this investigation.

3. This affidavit is made in support of a criminal complaint charging FINN with:

Violation of Title 18, United States Code, Section 2252A(a)(1), which makes unlawful for any person to knowingly transport or ship using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography; and, violation of Title 18, United States Code, Section 2252A(a)(5)(B), which makes unlawful for any person to knowingly possess, or knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other matter that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

4. On May 28, 2012, I received information from Constable [Cst.] Patrick Poulin of the Royal Canadian Mounted Police [RCMP] about the arrest of Aaron Bruno FINN [FINN] for Child Pornography related offenses in Beaver Creek, Yukon Territory, Canada, after FINN had made entry into that country via the ALCAN Port of Entry, Alaska.

5. According to Cst. Poulin, at approximately 1630 hours, on May 28, 2012, he received a call from the Canadian Border Services Agency [CBSA] in Beaver Creek regarding a United States citizen identified as FINN who was driving a commercial vehicle (Oregon license plate number – YAGM808) into Canada [from Alaska] via the ALCAN Port of Entry. During an inspection of the vehicle and items within, CBSA Officers searched an Apple MacBook laptop computer (S/N – Z04WTR9DT) that was found to contain images of child pornography. The RCMP was then notified and attended the Beaver Creek Port of Entry to investigate. Further examination of the laptop computer revealed more images of child pornography, to include one in which an adult male appearing to be FINN was posing with a young Asian girl. Cst. Poulin estimated that the girl depicted in these images was less than twelve years of age.

6. FINN was charged with violations of the Criminal Code of Canada involving Child Pornography and was taken into RCMP custody, and subsequently transported to the White Horse Remand Centre. The Apple MacBook laptop computer, and a separate loose Seagate hard drive (S/N – 5LZ7TVTA) along with one other Apple MacBook laptop computer (S/N – 4H6241KPU9D) were sent to the RCMP's Pacific Region Integrated Technological Crimes Unit in Vancouver, British Columbia, Canada for a more detailed forensic examination.

7.  On July 26, 2012, a technical examination report was prepared by Corporal [Cpl.] Lorena Rostie of the RCMP's Vancouver Integrated Technological Crimes Unit [VITCU]. In the report, Cpl. Rostie summarized that the examination revealed the presence of child pornography in various forms on the Apple MacBook laptop computer (S/N – Z04WTR9DT), as well as the Seagate hard drive (S/N – 5LZ7TVTA). The Apple MacBook laptop computer (S/N – 4H6241KPU9D) did not contain a hard drive, and therefore, was void of any child pornography.

8.  On November 2, 2012, after pleading guilty to Importing Child Pornography into Canada, FINN was sentenced to two years in a Canadian prison.

9.  On April 4, 2013, Cst. Poulin turned over the three aforementioned of seized digital media to U.S. Customs and Border Protection [CBP] Officer David Kueber at the ALCAN Port of Entry, Alaska.

10. On September 13, 2013, CBP Officer Kueber turned over the seized digital media to the HSI Anchorage Office of the Resident Agent in Charge.

11. On September 25, 2013, HSI S/A Matthew Kimmel forensically previewed the Toshiba hard drive (S/N – Z04WTR9DT) from the Apple MacBook laptop computer, and discovered numerous images of child pornography including the following files which are identified by filename and description:

    a.) vp11_sweet_sugar2010.jpg: This file depicts a series of 27 images in a "filmstrip" sequence that captures an image approximately every eight (8) seconds. The images depict a prepubescent girl(s). Although it's impossible to tell, the images appear to depict the same girl. I estimate the girl(s) to be approximately two (2) to five (5) years of age. In some of the images, the girl's genitals are exposed to the camera and are the focal point of the image. In some images, what appears to be an adult male's finger is inserted in her vagina. In other images, an adult male penis is inserted in her mouth.

    b.) zdog.wmv.jpg: This file depicts a series of twenty (20) images in a "filmstrip" sequence that captures an image approximately every two (2) seconds. These images depict a prepubescent girl and a portion of a canine. The girl is approximately four (4) to seven (7) years in age. The girl is wearing what appears to be a dog collar around her neck. In some images, the canine's penis is inserted in the girl's mouth.

    c.) vp11_d03n_daphne.jpg: This file depicts a series of 27 images in a "filmstrip" sequence that captures an image approximately every fifty-eight (58) seconds. These images depict a nude prepubescent girl. The girl is approximately eight (8) to eleven (11) years in age. In some of the images, the girl's legs are spread apart exposing her genitals to the camera. Her genitals are the focal point of those images.

12. S/A Kimmel then forensically previewed the Seagate hard drive (S/N – 5LZ7TVTA), and discovered numerous files depicting child pornography. One of the files is identified by filename and described in detail below:

   a.) 10.avi: This is a video file that is two minutes and two seconds (2:02) in length. This video depicts a nude prepubescent girl. The girl is approximately eight (8) to eleven (11) years in age. During the video the girl's legs are spread apart. This position exposes her genitals to the camera. Her genitals are the focal point of the video. Toward the end of the video, a portion of a post-pubescent male's erect penis can be seen at the bottom of the screen. At the end of the video the male ejaculates on the girl's genitals.

13. Based upon these events, there is reasonable cause to believe that Aaron Bruno FINN did, on May 28, 2012, knowingly transport or ship using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography in violation of Title 18, United States Code, Section 2252A(a)(1); and, did knowingly possess, or knowingly access with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other matter that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

FURTHER YOUR AFFIANT SAYETH NAUGHT.
SIGNATURE REDACTED

Steven Rosenberg
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN TO before me this 27 day of September 2013, at Anchorage, Alaska.

/S/ DEBORAH M. SMITH
U.S. MAGISTRATE JUDGE
SIGNATURE REDACTED

Deborah M. Smith
United States Magistrate Judge